MOULTRIE BANKING COMPANY *v.* MOORE, for use, etc.

No. 7848.   FEBRUARY 24, 1931.

*W. G. Martin,* for plaintiff in error.

*Lawton & Cunningham, L. L. Moore,* and *P. Q. Bryan,* contra.

ATKINSON, J.   L. L. Moore, suing for the use of the Chatham Savings and Loan Company, instituted an action in the superior court of Colquitt County, Georgia, against the Moultrie Banking Company, a corporation engaged in operating a bank, for an amount specified in a check in favor of Mrs. Anna Belle Shivers, drawn by Moore on May 27, 1925, against a deposit in the bank and paid to another person upon an alleged forged indorsement of the name of the payee, signed in pencil.   The answer denied the paragraph of the petition which alleged the forgery, and in several subdivisions of paragraph 5 made further answer substantially as follows:   (a) "A certain person" in the name of Anna Belle Shivers mailed from East St. Louis, Ill., a written application to Moore for a loan on described realty of the applicant, and making Moore her agent to procure the loan.   (b) The loan was negotiated, and the notes and deed were forwarded for execution by United States mail, addressed to "Anna Belle Shivers in East St. Louis, Ill.," and, after execution "by the person who applied for the loan,   .   .

Anna Belle Shivers," were duly returned by mail to Moore. (c) Having received the papers, Moore issued the check in question and forwarded it by mail to "Anna Belle Shivers, East St. Louis, Ill." (d) "Anna Belle Shivers, the person" who made the application and executed the securities, "received said check in due course through mail, and indorsed the same." (e) The check "in due course of banking was presented to defendant at its banking house for payment." (f) "The person" who obtained the loan and check did not own the land, but fraudulently impersonated the true owner whose name is Anna Belle Shivers. These facts were unknown to defendant, and it had no notice thereof. (g) While Moore acted in good faith in his above-recited acts, his negligence therein, and in "failure to identify the applicant for said loan with the true owner of the land offered as security," relieves the defendant from liability for paying the check. (h) The check was returned to plaintiff in 1925, and he made no complaint until 1928. (i) On the foregoing facts defendant is not liable to plaintiff, "and plaintiff is estopped from making any claim against" defendant on account of payment of the check. After several terms the defendant filed an amendment to its answer. In paragraph 1 all of the allegations in subparagraphs (f), (g), (h), and (i) of paragraph 5 of the original answer were stricken. Two subparagraphs thereof were made in lieu of the stricken subparagraphs of the original answer, alleging substantially as follows: (f) The name of Anna Belle Shivers indorsed on the check is genuine. (g) However, if the indorsement is a forgery, plaintiff is estopped, because Moore negligently sent the check through the mails to the person and address as alleged in the original answer, because he knew "an Anna Belle Shivers and knew that she owned property in Moultrie, Georgia," but did not know that she resided at the aforesaid address, and did not attempt to identify the person with whom he corresponded as the person for whom he was negotiating the loan. And if the person was an impostor, Moore negligently placed the check in her possession with apparent title, and enabled her to fraudulently indorse the name of the payee of the check, thus depriving defendant of protection against the fraud. (h) And for further ground of estoppel, Moore, claiming that the indorsement was forged in 1925, did not repudiate the transaction but opened negotiations with "V. L. Shivers, a prior indorser," for settlement,

and accepted partial payment and made no demand against defendant until 1928 after V. L. Shivers had absconded. (i) From 1925 Moore has retained possession of the check and refused to deliver it to defendant, thereby depriving defendant, to its injury and damage, of the use of the paper "in fixing the liability of all indorsers." (j) The check was given to close the loan on the realty described in the loan deed. The loan was made on the faith of the realty and validity of the security; although Anna Belle Shivers did not make the loan or execute the notes and security deed, still she had no such right and title to the land as should prevail against defendant, because she derives the land in virtue of a deed from V. L. Shivers, her husband, upon a purported valuable consideration, whereas in fact it was a mere voluntary deed, and V. L. Shivers received the proceeds of the check; also defendant knew of the title of V. L. Shivers, but did not know of the conveyance to his wife. (j) If defendant is required to pay the check, in equity and good conscience defendant should be given "the rights of a lienholder and be decreed to have an equitable lien" against the land. V. L. Shivers should be regarded in equity as owner of the land; his residence is unknown, but Anna Belle Shivers resides in Atlanta, Georgia. The prayers are that Anna Belle Shivers be made a party; and that in the event of judgment for plaintiff, defendant be allowed to have a lien superior to the rights of said Anna Belle Shivers. The defendant excepted to a judgment dismissing this amendment to the answer on demurrer.

1. On the questions of negligence on the part of Moore and estoppel against the plaintiff, the amendment did not materially alter the substance of the original answer.

2. The interest of the plaintiff could not be affected by any controversy between the bank and Anna Belle Shivers, or between the bank and Anna Belle Shivers and V. L. Shivers, relating to the status of the title and the right of the defendant to an equitable lien upon the land. The allegations of the amendment relating to such controversies have no connection with the controlling issue in the case, founded on alleged unauthorized payment upon a forged indorsement of the check.

3. The judge did not err in sustaining the demurrer to the amendment.

4. Other exceptions relate to assignments of error upon the

direction. of the verdict for the plaintiff. These exceptions are not insisted upon in the brief of the attorney for the plaintiff in error, and will be treated as abandoned.

*Judgment affirmed. All the Justices concur.*